UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS FORBES,<br><br>        Plaintiff,<br><br>     v.<br><br>WELLS FARGO BANK, NATIONAL ASSOCIATION, et al.,<br><br>        Defendants. | Case No. 23-cv-03654-VC<br><br>**ORDER GRANTING MOTIONS TO DISMISS**<br><br>Re: Dkt. Nos. 9, 11 |

The complaint is dismissed as to all defendants. The allegations in the complaint are often difficult to follow or conclusory, and the causes of action are nonspecific about what alleged conduct is relevant. Each cause of action fails for multiple reasons—this order canvasses some examples. This ruling assumes the reader is familiar with the facts, the applicable legal standard, and the arguments made by the parties.

*Breach of security instrument*. The statute of limitations bars claims based on alleged misconduct from more than four years ago. Cal. Civ. Proc. Code § 338(g). The only remaining allegations are about the 2021 Notice of Default, which Forbes argues was deficient under the terms of the Deed of Trust, specifically Section 22 of that instrument. But no violation of Section 22 is plead: The language in the Notice of Default provides Forbes notice and does not itself accelerate the debt. *See* Dkt. No. 11-1, at 9. The complaint does not describe any other communication accelerating the debt without notice. Finally, Forbes's allegation that the Notice of Default was executed without corporate signatory capacity is both entirely conclusory and

doesn't support any cause of action.[1]

*Homeowners Bill of Rights*. Forbes lacks standing to contest the foreclosure based on allegations regarding the securitization and transfer of the Deed of Trust. A plaintiff in a post-foreclosure action can only challenge the assignment of a deed of trust if the allegations go to the assignment being *void*—there is no standing if the allegations merely support the assignment being *voidable*. *Yvanova v. New Century Mortgage Company*, 62 Cal.4th 919, 931 (2016). If the assignment is merely voidable, then the plaintiff would be attempting to enforce a third party's right to void the contract. But if the assignment is void, then there is no contract, so the purported assignee was not entitled to take the house. Forbes's allegations about improper securitization and assignment merely go to voidability—Forbes is "not a party to those transactions" and is "not the victim." *Hunt v. U.S. Bank N.A.*, 593 Fed. Appx. 730, 732 (9th. Cir. 2015). Moreover, the plaintiff bears the burden of establishing standing. *See Saterbak v. JP Morgan Chase Bank, N.A.*, 245 Cal.App.4th 808, 813–14 (2016). Forbes has not attempted to carry that burden: The opposition brief makes no mention of the argument that Forbes lacks standing to attack the securitization and assignment of the Deed of Trust.

Forbes asserts a series of other violations of the Homeowners Bill of Rights. The complaint (as well as the opposition) merely recites the elements of a claim under California Civil Code § 2924 and § 2924.17—these claims are dismissed for lacking supporting factual matter. The complaint then asserts that the 2021 Notice of Default violated numerous provisions of California Civil Code § 2923.5. But the Homeowners Bill of Rights only establishes a cause of action for injunctive relief or for post-sale economic damages in the case of a "material violation." Cal. Civ. Code § 2924.12(a)(1), (b). All of the asserted violations are about a failure to notify Forbes that he was behind on payments and give him an opportunity to explore options to avoid foreclosure. But any notice issues are rendered immaterial by the allegation in the

---

[1] There is no violation of Cal. Corp. Code § 313. That provision prevents corporations from disclaiming their obligations under various contracts by claiming that certain employees who signed the document lacked signatory capacity. The provision does not invalidate agreements.

complaint that Forbes was in active discussion with Wells Fargo about loan modification at the time of the Notice of Default: even if there were defects with the communications, Forbes's own allegations indicate that he was actually on notice.[2] And again, Forbes makes no effort to explain why any of the alleged violations were material. Finally, Forbes asserts that the prohibition on "dual tracking" was violated. Cal. Civ. Code § 2923.6. But the complaint never alleges that a complete and timely application for loan modification was "pending" at the time of the Notice of Default—being engaged in a discussion about loan modification is insufficient to trigger the provision.

*Lack of standing*. There is no cause of action under California law for lack of standing. Even if this cause of action is taken as advancing a claim for wrongful foreclosure, Forbes lacks standing to bring the claim because it rests on the same alleged issues with securitization and assignment described above. Additionally, under California law, "an action to set aside a trustee's sale for irregularities in sale notice or procedure should be accompanied by an offer to pay the full amount of the debt for which the property was security." *FCPI RE-HAB 01 v. E & G. Investments, Ltd.*, 207 Cal.App.3d 1018, 1021 (1989); *see also Lona v. Citibank, N.A.*, 202 Cal.App.4th 89, 104 (2011) (describing as an element of a wrongful foreclosure action that "in cases where the trustor or mortgagor challenges the sale, the trustor or mortgagor tendered the amount of the secured indebtedness or was excused from tendering"). There is no such offer here. And there is no good reason to excuse tender.

*Intentional infliction of emotional distress*. The allegations do not describe "extreme and outrageous conduct" that can support an action for intentional infliction of emotional distress.

*Declaratory relief*. There is no actual controversy that declaratory relief can resolve. The sale has already occurred, and Forbes lacks standing to seek injunctive relief. The issues with other causes of action challenging the foreclosure and sale are not ameliorated by reframing them

---

[2] There are also allegations regarding defects with the 2009 and 2011 notices of default. Those issues are even less material—foreclosure was not pursued for another decade and new notice was given.

as a request for declaratory relief.

*Business and Professions Code*. The allegations supporting this cause of action are vague, nonspecific to any individual defendant, and conclusory. Additionally, Forbes has "failed to satisfy the causation prong of the statute" because his "default triggered the foreclosure . . . not the manner in which [his] Note and Deed of Trust were transferred." *Junod v. Mortgage Electronic Registration System*, 584 Fed. Appx. 465, 469 (9th Cir. 2014).

*Slander of title*. Forbes lacks standing to bring this claim because it also relies on the alleged defects in the securitization and assignment process. Additionally, the 2021 Notice of Default and the 2022 Notice of Trustee Sale are the only publications that are not time barred, and they are both privileged such that they cannot form the basis of a slander of title claim. *Schep v. Capital One, N.A.*, 12 Cal.App.5th 1331, 1336 (2017).

*Quiet title*. This claim fails for several of the reasons discussed above, including lack of standing, the tender rule, and merely conclusory allegations.

\*\*\*

The complaint is dismissed in its entirety. The Court is skeptical that amendment can cure the issues with this action. Beyond that, the complaint itself and the nonresponsive opposition brief raise the concern that counsel has filed a frivolous lawsuit and is not proceeding in good faith, which in turn raises the possibility of sanctions against the attorneys. But out of an abundance of caution, dismissal will be with leave to amend. Any amended complaint is due within fourteen days, or dismissal will be with prejudice.

**IT IS SO ORDERED.**

Dated: October 31, 2023

VINCE CHHABRIA
United States District Judge